# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>MAGIC METRO TACTICAL TEAM, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01405-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS ACTION<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## SCREENING REQUIREMENT

Plaintiff Phillip Sanders, appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on September 3, 2013. (ECF No. 1.)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

1

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against the MAGIC Metro Tactical Team, Officer T. Gebhart, Officer Karsainsin, Attorney Richard Esquevel, Attorney Curtis Sok, Daljit Rakkar, Commissioner Bird, Judge Sanderson, and Judge Kapetan alleging violations of the Fifth, Sixth, Eight, and Fourteenth Amendments and false imprisonment under California Law.

Plaintiff alleges that he was set up by the MAGIC Metro officers when he was arrested on August 2, 2010. On August 2, 2010, Plaintiff left "anybobys market" and as he left the parking lot he was eating a burrito. (Compl. 3, 10, [1] ECF No. 1.) Plaintiff was stopped by two white police officers during daylight hours because his third window brake light was out. During an inventory search of the vehicle, the officers contended that they found a smaller than bean size drug. Plaintiff contends that he was never tested for drugs, no supplemental report was written, the drugs were not field tested, and the drug screening report came back the next day giving officers the opportunity to plan or say whatever they wanted in this classic set up. (Id. at 3.)

Plaintiff was pulled over and Defendant Karsainsin approached his vehicle as Defendant Gebhart stayed back. (Id. at 10.) Defendant Karsainsin told Plaintiff he was pulled over because

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

his window light was out. Defendant Gebhart ran Plaintiff's plates and Defendant Karsainsin returned and told Plaintiff to exit the vehicle. Plaintiff was placed in the back of the patrol car and Defendants Karsainsin and Gebhart began "rummaging and vandalizing" Plaintiff's vehicle. (Id. at 11.) Plaintiff remained in the car and yelled for help to people who were passing by. Officer Karsainsin called for a tow truck. (Id.) The tow truck driver arrived and before the vehicle was loaded on the truck, Plaintiff was taken to county jail. Plaintiff was booked for felony drug possession. When Plaintiff obtained the police report, he noticed that the drug test results did not come back until the following day after he was booked and bailed out. (Id. at 12.)

Plaintiff had conflicts with three court appointed attorneys. (Id.) Plaintiff requested a judge hear his case, but Defendant Sok consented to having his hearing before Defendant Bird. Plaintiff filed a case in federal court that was dismissed for failure to prosecute. (Id. at 13.) Defendant Sok refused Plaintiff's request to have his cases transferred to the Attorney General's Office for prosecution.

During a Marsden Hearing, Defendant Sok informed the court that he spoke with Plaintiff for one hour and forty five minutes reviewing the case, which he did not do. Plaintiff told the court he had not spoken to Defendant Sok before or after any preliminary hearing. Defendant Sok did not call any witnesses at the preliminary hearing. (Id. at 14.)

Plaintiff called Defendant Sok and asked him for a ride to his mental health evaluation. Defendant Sok never called him back. Plaintiff missed the mental health exam and Defendant Sanderson ordered him into custody without listening to Plaintiff's explanation. Plaintiff was released due to overcrowding in the jail and Judge Sanderson left him free. Judge Kapetan heard Plaintiff's Marsden motion and ordered Plaintiff back into custody. (Id. at 15.) After hearing that Plaintiff had previously been represented by Defendant Kapetan's brother, Defendant Kapetan disqualified himself and sent the Marsden hearing to Judge Simpson who ordered Plaintiff into custody. (Id. at 16.)

After Plaintiff's attorney, Glen Lostrucco died, Plaintiff called his aide, Defendant Rakkar and asked that the cases be rescheduled. Dr. Seymour came to evaluate Plaintiff and he passed the mental health exam. (Id.)

Plaintiff states that his attorney failed to check the chain of custody and move for dismissal because Plaintiff stated that he did not have drugs in his car or on his person. Plaintiff contends that the officers did not secure and process the drugs in his presence, and the drug screening report was not signed until August 3, 2010. (Id. at 5.)

Plaintiff alleges that Defendants Esquevel and Rakkar failed to properly investigate and present mitigating evidence to obtain a less severe sentence (id. at 8); Defendant Sanderson violated the Sixth and Fourteenth Amendments by conspiring to commit fraud by being aware that his attorney was lying about his hours in order to obtain moneys from the court; Defendant Kapetan violated the Eighth and Fourteenth Amendment by overlooking the court's scheduling order and not disqualifying himself; and Defendant Bird conspired with Defendant Sok to force Plaintiff to have his felony case in front of a commissioner rather than a seated judge (id. at 9).

Plaintiff's complaint fails to state a cognizable claim under section 1983. As discussed below, the Court finds that the deficiencies in Plaintiff's claims are unable to be corrected by amendment and therefore, it is recommended that this action be dismissed for failure to state a claim.

**III.**

**DISCUSSION**

**A.   Defendants Karsainsin and Gebhart**

Plaintiff alleges that Defendants Karsainsin and Gebhart violated his civil rights by planting drug evidence in his vehicle. Plaintiff claims that Defendant Esquevel did not present mitigating evidence so that he could obtain a less severe sentence. It appears clear from Plaintiff's complaint that he is challenging his arrest for which he was convicted and sentenced. Under Heck v. Humphrey, 512 U.S. 477, 487 (2002) "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Cunningham v. Gates, 312 F.3d 1148, (9th Cir. 2002) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)).

Plaintiff is alleging civil rights claims based upon his arrest on August 2, 2010. As Plaintiff was convicted of the underlying charge and his conviction has not been reversed,

4

1 expunged or called into question by a writ of habeas corpus, he "cannot pursue claims under § 1983 if they are based on theories that 'necessarily imply the invalidity of his conviction[s] or sentence[s].'" Cunningham, 312 F.3d at 1154 (quoting Heck, 512 U.S. at 487).  Plaintiff can only prevail on his claims against Defendants Karsainsin and Gebhart by negating an element of the drug possession charge for which he was convicted.  Because the state court has already resolved the factual issues that Plaintiff attempts to litigate in this action, his claims against Defendants Karsainsin and Gebhart are barred by Heck.

### B.      Defendant Rakkar

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original).  "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001)) (emphasis in original).

Generally, private parties do not act under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  Plaintiff claims that he hired a private attorney who passed away and is attempting to bring civil rights claims against the attorney's assistant.  A private attorney is not "acting under of color of law" and therefore, Plaintiff cannot state a cognizable civil rights claim against Defendant Rakkar.

### 3.      Defendants Esquevel and Sok

Similarly, it is well established that court appointed attorneys are not state actors. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of section 1983 in representing plaintiff's interests); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir.

1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

Plaintiff's complaint fails to state a cognizable claim against his court appointed attorneys, Defendants Esquevel and Sok.

### 4. Defendants Bird, Sanderson, and Kapetan

Plaintiff alleges claims against the state court judges that he appeared before in his criminal case. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Judges are immune from damages for judicial acts that are taken within the jurisdiction of their courts. Ashelman, 793 F.2d at 1075. This judicial immunity applies however erroneous the judicial act may be and no matter how injurious the consequences may have proved to the plaintiff. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). A plaintiff cannot overcome judicial immunity by alleging that a judge and counsel conspired to deprive a criminal defendant of his constitutional rights. Lacey v. Maricopa County, 693 F.3d 896, 936-37 (9th Cir. 2012).

The acts which Plaintiff alleges against the various judges who handled his criminal case were all clearly within their judicial authority and therefore, Defendants Bird, Sanderson, and Kapetan are entitled to absolute immunity in this action.

### IV.

### CONCLUSION AND RECOMMENDATION

In this action, Plaintiff has failed to state a cognizable claim because he is alleging claims that are barred by Heck v. Humphrey, 512 U.S. 477, 487 (2002), are not cognizable under section 1983, or are alleged against defendants that are entitled to absolute immunity. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies

6

outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 23, 2013**

UNITED STATES MAGISTRATE JUDGE